STRANCH, Circuit Judge,
concurring.
The statute at issue in this case is unusual: It criminalizes the refusal to submit to a breathalyzer test. Such laws, which are not common, raise unanswered questions regarding the limits of implied consent statutes and the imposition of criminal penalties for refusing a warrantless search. See Note, Taryn Alexandra Locke, Don’t Hold Your Breath: Kansas’s Criminal Refusal Law is on a Collision Course with the U.S. Constitution, 52 Washburn L.J. 289 (2013); D. Bernard Zaleha, Alaska’s Criminalization of Refusal to Take a Breath Test: Is it a Permissible Warrantless Search Under the Fourth Amendment, 5 Alaska L.Rev. 263 (1988). The Supreme Court has not yet addressed this kind of statute. But as we stated in Slagle, “a state court ... does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent.” 457 F.3d at 514.
I concur, therefore, only because Hoover has not satisfied AEDPA’s strict requirement that his conviction is “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.” 28 U.S.C. § 2254(d).